**Michael Fuller, OSB No. 09357**
Special Counsel for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Michael Richard Krueger**<br>**Mary Kathleen Krueger,**<br>Debtors.<br><br>**Michael Richard Krueger,**<br>Plaintiff,<br>v.<br>**Eric Green,**<br>Defendant. | Case No. 17-33027-pcm13<br><br>Adv. Proc. No.<br><br>**COMPLAINT** |

**COMPLAINT** – Page 1 of 6

1.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1334 because the automatic stay arises under Title 11. Venue is proper because defendant harassed plaintiff with collection activity against his will while he was under the protection of the Oregon Bankruptcy Court's automatic stay.

2.

Defendant Eric Green is an individual creditor in plaintiff's bankruptcy case. Defendant's choice to garnish plaintiff's earnings was in pursuit of profit and constituted a wanton, outrageous and oppressive violation of plaintiff's right to be free from collection activity during bankruptcy.

3.

Plaintiff Michael Richard Krueger filed for bankruptcy protection under Chapter 13 of Title 11 in case number 17-33027 in the District of Oregon on August 11, 2017. Plaintiff filed bankruptcy specifically to stop collection activity from creditors. The automatic stay provided plaintiff a substantive right to be free from unwanted collection activity during bankruptcy. This complaint's allegations are based on personal knowledge as to plaintiff's behavior and made on information and belief as to the behavior of others.

4.

## NATURE OF CLAIM

Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. § 157(b)(2) and plaintiff consents to entry of final orders and judgments by the Oregon Bankruptcy Court in this adversary proceeding.

5.

## FACTUAL ALLEGATIONS

On August 11, 2017, plaintiff filed for bankruptcy protection under Chapter 13 of Title 11. Defendant was mailed written notice of plaintiff's bankruptcy case from the bankruptcy noticing center, both personally, and care of his attorney, by first class mail on August 13, 2017. The notice warned defendant that the filing of plaintiff's bankruptcy case imposed an automatic stay. The notice warned defendant that the automatic stay prohibited collection activities, and that defendant could not take action to collect debt from plaintiff. The notice warned defendant that creditors who violate the automatic stay can be required to pay actual and punitive damages and attorney's fees.

6.

On November 13, 2017, defendant filed an adversary proceeding complaint against plaintiff in his bankruptcy case.

**COMPLAINT** – Page 3 of 6

7.

Despite receiving notice that plaintiff was in an active Chapter 13 case, and that the automatic stay applied to defendant's debt, and that the automatic stay prohibited defendant from continuing to collect on its debt, defendant intentionally harassed plaintiff by causing a writ of garnishment dated May 30, 2018 to be served on defendant's clearing firm during the automatic stay.

8.

Defendant's conduct as alleged above caused plaintiff harm to reputation with his clearing firm, the inability to pay bills and operate his business, and caused severe ongoing emotional harm, including upset and anxiety about losing his license, and other harm separate from the average stress of the normal bankruptcy process. In drafting 11 U.S.C. § 362 with a private right of action, Congress elevated the right of debtors such as plaintiff to be completely free from collection activity during bankruptcy. The invasion of that right by defendant is a concrete injury in fact for which this Court may provide relief.

**COMPLAINT** – Page 4 of 6

9.

## CAUSE OF ACTION

**11 U.S.C. § 362(k)**

11 U.S.C. § 362(a) imposed an affirmative duty on defendant to promptly terminate all collection activity against plaintiff after learning plaintiff filed bankruptcy. Defendant's violation of 11 U.S.C. § 362(a) as alleged in this complaint was "willful" as that term is defined in the Ninth Circuit because his acts and omissions were intentional, he had prior actual knowledge of the automatic stay, his behavior was unreasonable, and any alleged mistake of law was not a defense.

10.

Under 11 U.S.C. § 362(k), plaintiff is entitled to compensation for actual damages, punitive damages, and reasonable fees and costs from defendant in amounts to be decided by the Court.

11.

## PRAYER FOR RELIEF

After a stipulation or determination that defendant willfully violated the automatic stay, plaintiff seeks relief as follows:

**A.** A money judgment in favor of plaintiff against defendant for actual damages and punitive damages, and for reasonable fees and costs incurred prosecuting this adversary proceeding.

Plaintiff also seeks any equitable relief this Court may determine is fair. Plaintiff may intend to amend this complaint to include additional defendants as new information is learned through discovery.

June 20, 2018

**RESPECTFULLY FILED,**

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Special Counsel for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**COMPLAINT** – Page 6 of 6